UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

RAHIM WOODS,

        -against-

THE CITY OF NEW YORK; POLICE
DEPARTMENT OF THE CITY OF NEW YORK;
and JOHN DOES 1-10, intended to be the police
officers who arrested the plaintiff,

        Defendants.

------------------------------------------------------------ X

**COMPLAINT**

**Jury Trial Demanded**



    Plaintiff, complaining of the defendant, by his attorneys, THE BERKMAN LAW OFFICE, LLC, alleges for his complaint as follows:

### THE PARTIES

    1.    At all times mentioned herein, the plaintiff, RAHIM WOODS is a natural person residing in the City and State of New York, County of Queens.

    2.    Upon information and belief, the defendant THE CITY OF NEW YORK ("City") is a municipal corporation organized and existing under the laws of the State of New York.

    3.    Upon information and belief, the defendant POLICE DEPARTMENT OF THE CITY OF NEW YORK ("Police Department") is a division or department of the defendant City.

4. The defendants named herein as JOHN DOES 1-10 are intended to be the police officers who arrested the plaintiff and who were involved with filing charges against the plaintiff on or about August 27, 2005. At this time, the names of these officers are unknown to the plaintiff.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 USC § 1331, as plaintiff asserts a cause of action under 42 USC § 1983.

6. Venue is properly placed in the United States District Court for the Eastern District of New York since, upon information and belief, one or more of the individual defendants resides in this District. *See* 28 U.S.C. § 1391(b)(1).

## THE UNDERLYING FACTS

7. Upon information and belief, on or about August 27, 2005 several New York City Police detectives approached the plaintiff, detained him, and told him that someone had been robbed nearby and that the victim would be driven past in an attempt to identify the plaintiff as the robber.

8. Upon information and belief, Plaintiff was then placed under arrest and taken to a New York City Police precinct.

9. Upon information and belief, the plaintiff did not match the description that had been given to the police by the victim.

10. Upon information and belief, the detectives who arrested the plaintiff had a history of encounters with the plaintiff which the plaintiff perceived as harassment.

11. Upon information and belief, at the time of the arrest, the plaintiff's car was searched and nothing noteworthy was found.

12. Upon information and belief, the plaintiff was left sitting in the precinct handcuffed to a chair for 14 hours.

13. Upon information and belief, the plaintiff was thereafter told that he was going to be charged in connection with a shooting and that he was going to be placed in a lineup.

14. Upon information and belief, the plaintiff was placed in a lineup which was overly suggestive because, *inter alia*, the other members of the lineup had short hair and the plaintiff had dreadlocks.

15. Upon information and belief, plaintiff was then brought to central booking and charged with attempted murder.

16. Upon information and belief, plaintiff was then transferred to Riker's Island and held there for 35 days before he was released on bail.

17. Upon information and belief, plaintiff was then required to attend court appearances approximately 40 – 60 times.

18. Ultimately, the charges against the plaintiff were dismissed outright on or about April 22, 2009.

19. Upon information and belief, the defendants never had any probable cause to arrest the plaintiff in the first place, and had no right to compel him to stand in a show-up or a lineup.

## AS AND FOR A CLAIM FOR RELIEF

20. Plaintiff repeats and re-alleges each of the foregoing allegations with the same force and effect as if more fully set forth herein.

21. Upon information and belief, at all times relevant to this complaint, the defendants were acting under the color of state authority.

22. Upon information and belief, at all times relevant to this complaint, the defendants subjected the plaintiff to the aforementioned conduct, which constituted a deprivation of his rights, privileges, and immunities secured by the Constitution and laws of the United States of America and the State of New York.

23. Among other things, the defendants wrongfully deprived the plaintiff of his liberty by subjecting him to arrest, and placing him in a show-up and a lineup without probable cause; creating an overly suggestive lineup; arresting plaintiff as "the usual suspect" rather than on the basis of evidence; maliciously prosecuting the plaintiff; and causing the plaintiff to be incarcerated and subject to criminal prosecution for four years, including being prevented from leaving the state and being required to comply with a weekly check-in regimen.

24. In addition to the damages suffered by the plaintiff as a result of being deprived of his liberty, as described above, the plaintiff was also damaged in that he spent 37 days in jail; was charged with attempted murder and was required to

answer those charges for four years until the charges were dismissed; lost his business; lost his vehicle; was made to live under a pall of accusation; required to incur legal fees of $18,000; lost $7,000 paid for a bail bond; suffers from flashbacks, post traumatic stress disorder, heartburn, ulcers, sleep disturbance / insomnia; required to undergo diagnostic testing and treatment with drugs and medications; required to receive medical care and attention; severe mental anguish and distress and emotional upset; extensive expenses have been and/or will be incurred for medical and hospital treatment; claimant has been otherwise injured; all of which injuries are permanent and extending into the future

    25. Upon information and belief, the conduct of the defendants was consistent with the policies of the defendants City and Police Department, and as such the defendants City and Police Department are directly liable for the actions of the police officer defendants.

    26. Additionally, the defendants City and Police Department are vicariously liable for the actions of the police officer defendants as the actions alleged herein were within the scope of the employment of the police officer defendants.

    27. The defendants are jointly and severally liable.

    28. By reason of the foregoing, the plaintiff is entitled to recover from the defendant pursuant to 42 U.S.C. § 1983 for the full extent of his damages, in an amount to be determined at trial, but not to exceed $25,000,000.

**WHEREFORE**, the plaintiff demands judgment against the defendant in the amounts and for the relief requested herein, plus attorney's fees to the extent permitted by law.

Dated: New York, New York
September 26, 2011

Yours,

THE BERKMAN LAW OFFICE, LLC
*Attorneys for the Plaintiff*

by: _____
Robert J. Tolchin

111 Livingston Street, Suite 1928
Brooklyn, New York 11201
718-855-3627